# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**YELLOW PAGES PHOTOS, INC.,**

     **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　　　**CASE NO.:**

**YELLOW BOOK USA, INC. and PINDAR SET INC.,**

     **Defendants.**

_____/

## COMPLAINT AND DEMAND FOR
## JURY TRIAL, INJUNCTIVE RELIEF SOUGHT

Plaintiff, Yellow Pages Photos, Inc. ("Plaintiff"), by and through its undersigned attorneys, sues Defendants, Yellow Book USA, Inc. ("Yellow Book") and Pindar Set Inc. ("Pindar Set") (collectively "Defendants"), and as its Complaint states as follows:

### Statement of Case

1.     Plaintiff is in the business of producing and licensing to publishers of yellow pages directories copyrighted images for use in creating, producing, and publishing yellow pages advertisements. Defendant Yellow Book is the largest independent yellow pages directory publisher in the United States. Defendant Pindar Set creates and produces advertisements and pages for Yellow Book's directories. Defendants are infringing Plaintiff's registered copyrights by reproducing, using, distributing, and publicly displaying copyrighted images belonging to Plaintiff in the creation, production, and publication of

yellow pages advertisements and directories, without license or permission from Plaintiff, in violation of the United States Copyright Act, 17 U.S.C. § 101 *et seq.*

### Parties

2.      Plaintiff Yellow Pages Photos, Inc. is a corporation duly organized and validly existing under the laws of the State of Florida, with its principal place of business in Riverview, Florida.

3.      Defendant Yellow Book USA, Inc. is a corporation duly organized and validly existing under the laws of the State of Delaware, with its principal place of business in Uniondale, New York, regional offices in Cedar Rapids, Iowa and King of Prussia, Pennsylvania, and local offices in the State of Florida, including in this judicial district.  On information and belief, Yellow Book has published and continues to publish print and online yellow pages directories in the State of Florida.

4.      Defendant Pindar Set Inc. is a corporation duly organized and validly existing under the laws of the State of Delaware, with places of business in Cedar Rapids, Iowa and King of Prussia, Pennsylvania.   On information and belief, Pindar Set has created and produced print and online yellow pages advertisements and pages for Yellow Book for publication in directories in the State of Florida, which have been published in the State of Florida.

**Personal Jurisdiction**

5.      At all times material to this Complaint, Defendants have operated, conducted, engaged in, or carried on business in the State of Florida, and have been engaged in substantial and not isolated activity within the State of Florida.

6.      Yellow Book has offices in the State of Florida.

7.      Defendants have committed acts of copyright infringement, as described herein, in the State of Florida and/or outside the State of Florida, causing injury to Plaintiff within the State of Florida.

8.      By virtue of their transaction of business in the State of Florida and commission of wrongful acts and causation of damages to Plaintiff, as described herein, Defendants have subjected themselves to personal jurisdiction in the State of Florida.

**Venue**

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants, having subjected themselves to personal jurisdiction in this judicial district, reside in this judicial district (see 28 U.S.C. § 1391(c)), and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

**Subject Matter Jurisdiction**

10.     The claims of copyright infringement asserted in this Complaint arise under the provisions the United States Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has original jurisdiction over these claims pursuant to 28 U.S.C. § 1338(a).

11.    This Court also has diversity jurisdiction over the claims asserted in this Complaint pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### Factual Allegations

12.    Plaintiff is in the business of producing and licensing to publishers of yellow pages directories copyrighted images for use in creating, producing, and publishing print and online yellow pages advertisements.

13.    AdMedia Systems, Inc. ("AdMedia") is a Florida corporation under common ownership with Plaintiff, which was formerly named and did business as Yellow Pages Photos, Inc.  Like Plaintiff, AdMedia was in the business of producing and licensing to publishers of yellow pages directories copyrighted images for use in creating, producing, and publishing yellow pages advertisements.

14.    AdMedia created and produced a series of images as follows:

      (a)    "A/C Contractors" (Exhibit 1  attached hereto);

      (b)    "Appliances" (Exhibit 2 attached hereto);

      (c)    "Asphalt/Paving" (Exhibit 3 attached hereto);

      (d)    "Attorneys 2" (Exhibit 4 attached hereto);

      (e)    "Attorneys 4" (Exhibit 5 attached hereto);

      (f)    "Auto Body Repair" (Exhibit 6 attached hereto);

      (g)    "Auto Repair" (Exhibit 7 attached hereto);

(h)    "Bail Bonds/Criminal Law" (Exhibit 8 attached hereto);

(i)    "Bathrooms" (Exhibit 9 attached hereto);

(j)    "Beauty Salons" (Exhibit 10 attached hereto);

(k)    "Boats" (Exhibit 11 attached hereto);

(l)    "Carpet Cleaners/Dealers" (Exhibit 12 attached hereto);

(m)    "Catering" (Exhibit 13 attached hereto);

(n)    "Cell Phones" (Exhibit 14 attached hereto);

(o)    "Computers" (Exhibit 15 attached hereto);

(p)    "Concrete Contractors" (Exhibit 16 attached hereto);

(q)    "Crashes" (Exhibit 17 attached hereto);

(r)    "Drywall/Construction" (Exhibit 18 attached hereto);

(s)    "Electrical Contractors" (Exhibit 19 attached hereto);

(t)    "Everyday People" (Exhibit 20 attached hereto);

(u)    "Florist" (Exhibit 21 attached hereto);

(v)    "Food 4" (Exhibit 22 attached hereto);

(w)    "Freight & Export" (Exhibit 23 attached hereto);

(x)    "Furniture Dealers" (Exhibit 24 attached hereto);

(y)    "Garage Doors" (Exhibit 25 attached hereto);

(z)    "Golf" (Exhibit 26 attached hereto);

(aa)    "Gutters" (Exhibit 27 attached hereto);

(bb)    "Heavy Equipment" (Exhibit 28 attached hereto);

(cc)    "Home Interiors" (Exhibit 29 attached hereto);

(dd)    "Homes Volume 1" (Exhibit 30 attached hereto);

(ee)    "Homes Volume 2" (Exhibit 31 attached hereto);

(ff)    "Homes Volume 3" (Exhibit 32 attached hereto);

(gg)    "Homes Volume 4" (Exhibit 33 attached hereto);

(hh)    "Insurance" (Exhibit 34 attached hereto);

(ii)    "Kitchens" (Exhibit 35 attached hereto);

(jj)    "Landscape" (Exhibit 36 attached hereto);

(kk)    "Limo Service" (Exhibit 37 attached hereto);

(ll)    "Locks/Locksmith" (Exhibit 38 attached hereto);

(mm)    "Maids & Janitorial Services" (Exhibit 39 attached hereto);

(nn)    "Motorcycles Vol. 1" (Exhibit 40 attached hereto);

(oo)    "Motorcycles Vol. 2" (Exhibit 41 attached hereto);

(pp)    "Movers" (Exhibit 42 attached hereto);

(qq)    "Muffler Service" (Exhibit 43 attached hereto);

(rr)    "New Cars 04-1" (Exhibit 44 attached hereto);

(ss)    "New Cars 04-2" (Exhibit 45 attached hereto);

(tt)    "New Cars 04-3" (Exhibit 46 attached hereto);

(uu)    "Office Furniture" (Exhibit 47 attached hereto);

(vv)    "Painters" (Exhibit 48 attached hereto);

(ww)    "Pest Control" (Exhibit 49 attached hereto);

SLK_TAM: #866696v1

(xx)   "Plumbers" (Exhibit 50 attached hereto);

(yy)   "Plumbing Fixtures" (Exhibit 51 attached hereto);

(zz)   "Roofing" (Exhibit 52 attached hereto);

(aaa)   "Screen Enclosures" (Exhibit 53 attached hereto);

(bbb)   "Siding Contractors" (Exhibit 54 attached hereto);

(ccc)   "Store Fronts" (Exhibit 55 attached hereto);

(ddd)   "Swimming Pools" (Exhibit 56 attached hereto);

(eee)   "Tile" (Exhibit 57 attached hereto);

(fff)   "Tire Dealers" (Exhibit 58 attached hereto);

(ggg)   "Towing" (Exhibit 59 attached hereto);

(hhh)   "Transmissions" (Exhibit 60 attached hereto);

(iii)   "Travel Agencies" (Exhibit 61 attached hereto);

(jjj)   "Tree Service" (Exhibit 62 attached hereto);

(kkk)   "Truck Rental & Leasing" (Exhibit 63 attached hereto);

(lll)   "Veterinarians" (Exhibit 64 attached hereto);

(mmm)"Windows" (Exhibit 65 attached hereto).

This series of images is collectively referred to in this Complaint as the "Works."

15.   AdMedia owned all right, title, and interest, including copyrights, in and to the

Works.

16.   On November 3, 2006, AdMedia changed its name from "Yellow Pages

Photos, Inc." to "AdMedia Systems, Inc."; Plaintiff was formed as "Yellow Pages Photos,

Inc." to continue the former yellow pages business of AdMedia; and AdMedia assigned to Plaintiff all right, title, and interest in and to the Works.

17.     Plaintiff has complied, in all material respects, with the laws of the United States governing copyrights, secured the exclusive rights and privileges in and to the copyrights in the Works, and received from the Register of Copyrights Registration Nos. VA 1-403-480, VA 1-403-481, VA 1-403-482, VA 1-410-131, VA 1-410-132, VA 1-410-133, VA 1-410-135, VA 1-410-136, VA 1-424-864, VA 1-426-212, and VA 1-631-315 for the copyrights in the Works.  True and correct copies of the Certificates of Registration for the Works are attached hereto and incorporated herein as Exhibits 66 through 76.

18.     Plaintiff is the owner of all right, title, and interest in and to the Works, the copyrights in the Works, and the registrations of the copyrights in the Works.

19.     Clarke Directory Publications, Inc. ("Clarke") was licensed the limited right for its users to use the Works known as:

> (a)     "A/C Contractors" (Exhibit 1  attached hereto);
>
> (b)     "Appliances" (Exhibit 2 attached hereto);
>
> (c)     "Asphalt/Paving" (Exhibit 3 attached hereto);
>
> (d)     "Attorneys 2" (Exhibit 4 attached hereto);
>
> (e)     "Attorneys 4" (Exhibit 5 attached hereto);
>
> (f)     "Auto Body Repair" (Exhibit 6 attached hereto);
>
> (g)     "Auto Repair" (Exhibit 7 attached hereto);
>
> (h)     "Bail Bonds/Criminal Law" (Exhibit 8 attached hereto);

(i)    "Bathrooms" (Exhibit 9 attached hereto);

(j)    "Beauty Salons" (Exhibit 10 attached hereto);

(k)    "Boats" (Exhibit 11 attached hereto);

(l)    "Carpet Cleaners/Dealers" (Exhibit 12 attached hereto);

(m)    "Cell Phones" (Exhibit 14 attached hereto);

(n)    "Computers" (Exhibit 15 attached hereto);

(o)    "Concrete Contractors" (Exhibit 16 attached hereto);

(p)    "Crashes" (Exhibit 17 attached hereto);

(q)    "Drywall/Construction" (Exhibit 18 attached hereto);

(r)    "Electrical Contractors" (Exhibit 19 attached hereto);

(s)    "Everyday People" (Exhibit 20 attached hereto);

(t)    "Florist" (Exhibit 21 attached hereto);

(u)    "Food 4" (Exhibit 22 attached hereto);

(v)    "Freight & Export" (Exhibit 23 attached hereto);

(w)    "Garage Doors" (Exhibit 25 attached hereto);

(x)    "Golf" (Exhibit 26 attached hereto);

(y)    "Gutters" (Exhibit 27 attached hereto);

(z)    "Heavy Equipment" (Exhibit 28 attached hereto);

(aa)    "Home Interiors" (Exhibit 29 attached hereto);

(bb)    "Homes Volume 1" (Exhibit 30 attached hereto);

(cc)    "Homes Volume 2" (Exhibit 31 attached hereto);

(dd)  "Homes Volume 3" (Exhibit 32 attached hereto);

(ee)  "Homes Volume 4" (Exhibit 33 attached hereto);

(ff)  "Insurance" (Exhibit 34 attached hereto);

(gg)  "Kitchens" (Exhibit 35 attached hereto);

(hh)  "Landscape" (Exhibit 36 attached hereto);

(ii)  "Limo Service" (Exhibit 37 attached hereto);

(jj)  "Motorcycles Vol. 1" (Exhibit 40 attached hereto);

(kk)  "Motorcycles Vol. 2" (Exhibit 41 attached hereto);

(ll)  "Movers" (Exhibit 42 attached hereto);

(mm)  "Muffler Service" (Exhibit 43 attached hereto);

(nn)  "New Cars 04-1" (Exhibit 44 attached hereto);

(oo)  "New Cars 04-2" (Exhibit 45 attached hereto);

(pp)  "New Cars 04-3" (Exhibit 46 attached hereto);

(qq)  "Painters" (Exhibit 48 attached hereto);

(rr)  "Plumbers" (Exhibit 50 attached hereto);

(ss)  "Plumbing Fixtures" (Exhibit 51 attached hereto);

(tt)  "Roofing" (Exhibit 52 attached hereto);

(uu)  "Screen Enclosures" (Exhibit 53 attached hereto);

(vv)  "Siding Contractors" (Exhibit 54 attached hereto);

(ww)  "Store Fronts" (Exhibit 55 attached hereto);

(xx)  "Swimming Pools" (Exhibit 56 attached hereto);

SLK_TAM: #866696v1

10

(yy)    "Tile" (Exhibit 57 attached hereto);

(zz)    "Tire Dealers" (Exhibit 58 attached hereto);

(aaa)   "Towing" (Exhibit 59 attached hereto);

(bbb)   "Transmissions" (Exhibit 60 attached hereto);

(ccc)   "Travel Agencies" (Exhibit 61 attached hereto);

(ddd)   "Tree Service" (Exhibit 62 attached hereto);

(eee)   "Truck Rental & Leasing" (Exhibit 63 attached hereto);

(fff)   "Veterinarians" (Exhibit 64 attached hereto);

(ggg)   "Windows" (Exhibit 65 attached hereto).

20.    The Works licensed to Clarke were furnished to Clarke on CDs.

21.    Pursuant to the terms of Clarke's license, neither the license nor the licensed Works could be transferred to third parties, and use of the licensed Works was limited to employees of Clarke.

22.    Feist Publications, Inc. ("Feist") was licensed the limited right for its users to use the Works known as:

(a)    "Carpet Cleaners/Dealers" (Exhibit 12 attached hereto);

(b)    "Crashes" (Exhibit 17 attached hereto);

(c)    "Movers" (Exhibit 42 attached hereto).

23.    The Works licensed to Feist were furnished to Feist on CDs.

24.     Pursuant to the terms of Feist's license, neither the license nor the licensed Works could be transferred to third parties, and use of the licensed Works was limited to employees of Feist.

25.     Transwestern Publishing ("Transwestern") was licensed the limited right for its users to use the Works known as:

(a)     "A/C Contractors" (Exhibit 1  attached hereto);

(b)     "Appliances" (Exhibit 2 attached hereto);

(c)     "Bail Bonds/Criminal Law" (Exhibit 8 attached hereto);

(d)     "Beauty Salons" (Exhibit 10 attached hereto);

(e)     "Carpet Cleaners/Dealers" (Exhibit 12 attached hereto);

(f)     "Catering" (Exhibit 13 attached hereto);

(g)     "Cell Phones" (Exhibit 14 attached hereto);

(h)     "Florist" (Exhibit 21 attached hereto);

(i)     "Furniture Dealers" (Exhibit 24 attached hereto);

(j)     "Garage Doors" (Exhibit 25 attached hereto);

(k)     "Insurance" (Exhibit 34 attached hereto);

(l)     "Kitchens" (Exhibit 35 attached hereto);

(m)     "Landscape" (Exhibit 36 attached hereto);

(n)     "Locks/Locksmith" (Exhibit 38 attached hereto);

(o)     "Maids & Janitorial Services" (Exhibit 39 attached hereto);

(p)     "Office Furniture" (Exhibit 47 attached hereto);

(q)    "Pest Control" (Exhibit 49 attached hereto);

(r)    "Plumbers" (Exhibit 50 attached hereto);

(s)    "Plumbing Fixtures" (Exhibit 51 attached hereto);

(t)    "Roofing" (Exhibit 52 attached hereto);

(u)    "Swimming Pools" (Exhibit 56 attached hereto);

(v)    "Towing" (Exhibit 59 attached hereto).

26.    The Works licensed to Transwestern were furnished to Transwestern on CDs.

27.    Pursuant to the terms of Transwestern's license, neither the license nor the licensed Works could be transferred to third parties, and use of the licensed Works was limited to employees of Transwestern.

28.    On or about March 25, 2004, Yellow Book acquired Feist.

29.    On or about July 15, 2005, Yellow Book acquired Transwestern.

30.    On or about January 5, 2006, Yellow Book acquired Clarke.

31.    On information and belief, as a result of Yellow Book's acquisitions of Clarke, Feist, and Transwestern, Yellow Book took possession of CDs and/or electronic files including the some or all of the Works.

32.    On information and belief, Yellow Book has furnished CDs and/or electronic files including some or all of the Works to Pindar Set.

33.    Neither Yellow Book nor Pindar Set has any right, title, or interest in or to the Works, and neither is licensed to reproduce, use, distribute, or publicly display the Works in any manner.

SLK_TAM: #866696v1

13

34. On information and belief, Pindar Set is creating and producing advertisements and pages for Yellow Book's directories using certain of the Works.

35. Yellow Book is publishing and distributing yellow pages directories including certain of the Works.

36. Defendants are infringing Plaintiff's registered copyrights by reproducing, using, distributing, and publicly displaying the Works in the creation, production, and publication of yellow pages advertisements and directories, without license or permission from Plaintiff, in violation of the United States Copyright Act, 17 U.S.C. § 101 *et seq.*

37. Defendants' reproduction, use, distribution, and display of the Works is a direct infringement of Plaintiff's copyrights in the Works.

38. Plaintiff has demanded that Defendants cease and desist from their infringement of Plaintiff's copyrights in the Works. Despite Plaintiff's demands, Defendants have intentionally, actively, and deliberately refused to comply, have not ceased and desisted from their infringement of Plaintiff's copyrights in the Works, and have intentionally and deliberately persisted in their infringement of Plaintiff's copyrights in the Works.

39. Defendants' infringement of Plaintiff's copyrights in the Works is causing irreparable injury to Plaintiff and, unless the injunction sought in this Complaint is granted, will continue to cause irreparable injury to Plaintiff. Plaintiff has suffered and will continue to suffer damage, the exact amount of the damage being unknown to Plaintiff at this time. The damage to Plaintiff is, and will continue to be, irreparable because of, among other

reasons, the continuing nature of the copyright infringement, which would necessitate a multiplicity of suits for damages if the continuance of the wrongs is not enjoined.

40.     All conditions precedent to the institution and maintenance of this action have occurred or been performed by Plaintiff.

41.     Plaintiff has engaged the law firm of Shumaker, Loop & Kendrick, LLP to represent it and has obligated itself to pay its attorneys a reasonable fee for their services in this action.

## COUNT I

### [Copyright Infringement]

42.     Plaintiff realleges paragraphs 1 through 41 of this Complaint as if fully restated herein.

43.     This is an action for copyright infringement arising under the United States Copyright Act, 17 U.S.C. § 101 *et seq*.

44.     Defendants have, by virtue of their above-described acts, infringed upon Plaintiff's copyrights in the Works in violation of 17 U.S.C. § 17 U.S.C. § 101 *et seq*.

45.     Defendants' above-described acts of infringement have been committed, and are continuing to be committed, with the knowledge that they are infringing and are continuing to infringe Plaintiff's copyrights in the Works.

46.     As a result of the above-described intentional and deliberate infringement of Plaintiff's copyrights in the Works by Defendants, Plaintiff is entitled to an injunction, an award of damages suffered as a result of Defendants' infringement, an award of Defendants'

profits that are attributable to Defendants' infringement and are not taken into account in computing Plaintiff's actual damages, statutory damages, attorneys' fees, and costs, all as set forth in 17 U.S.C. §§ 502, 504, and 505, subject to the discretion of this Court.

WHEREFORE, Plaintiff demands judgment against Defendants for:

(a)     an injunction permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, from infringing Plaintiff's copyrights in the Works through further reproduction, use, distribution, and display of the Works;

(b)     an order directing Defendants to file with the Court and serve upon Plaintiff a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction entered by the Court within thirty (30) days after the entry of the injunction in compliance with 15 U.S.C. § 1116(a);

(c)     an order directing Defendants to deliver up to Plaintiff for destruction all copies of infringing materials and all copies of the Works, in any media, in Defendants' possession, custody, or control;

(d)     actual damages suffered by Plaintiff as a result of Defendants' infringement of Plaintiff's copyrights in the Works;

(e)     an accounting of Defendants' profits derived from their infringement of Plaintiff's copyrights in the Works and an order that the same be paid over to Plaintiff;

(f)     in the alternative to (d) and (e), statutory damages in the amount of $150,000.00 for each Work infringed by Defendants; interest on such profits and damages at the highest rate allowed by law;

(g)     attorneys' fees;

(h)     costs of this action; and

(i)     such other and further relief as the Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

_____

J. Todd Timmerman, Esquire, Trial Counsel
Florida Bar No. 0956058
ttimmerman@slk-law.com
Mindi M. Richter, Esquire
Florida Bar No. 0044827
mrichter@slk-law.com
Morgan W. Streetman, Esquire
Florida Bar No. 0732966
mstreetman@slk-law.com
Shumaker, Loop & Kendrick, LLP
101 East Kennedy Boulevard
Suite 2800
Tampa, Florida 33602
Telephone No.: (813) 229-7600
Facsimile No.:  (813) 229-1660

Attorneys for Plaintiff, Yellow Pages Photos, Inc.

SLK_TAM: #866696v1